IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| QUINTLIN JIMERSON, #024169817 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv323 |
| GREGG COUNTY SHERIFF OFFICE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Quintlin Jimerson, proceeding *pro se* and *in forma pauperis*, filed an original complaint under 42 U.S.C. § 1983. This action was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On January 26, 2023, the Court issued an order for Plaintiff to supply an updated address to the Court by no later than February 21, 2023. (Dkt. #17). The Order was mailed to Plaintiff at his stated address on the Texas Department of Criminal Justice's website, which is the Hutchins Unit in Dallas, Texas. The Order warned Plaintiff that his complaint may be dismissed—without further notice—if he failed to comply with the Order. Plaintiff received the Order on February 6, 2023. (Dkt. #19).

As explained to Plaintiff at the bottom of his section 1983 complaint (Dkt. #1, p. 5), it is his "responsibility to keep the court informed of [his] current mailing address and failure to do so may result in the dismissal of this lawsuit." This requirement is also memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address, i.e., a P.O. Box is not acceptable, and is responsible for keeping the clerk advised in writing of the current physical address."

As of the date of this Report, Plaintiff has not provided the Court with a new address and has not complied with the Court's Order. He has failed to prosecute this case.

The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980).

## Recommendation

It is therefore recommended that Plaintiff's original complaint be dismissed without prejudice for want of prosecution. FED. R. CIV. P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 7th day of March, 2023.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE